UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEMETRIUS PLEASANT,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**CONSUMER PORTFOLIO SERVICES, INC.; and DOES 1 through 10, inclusive,**<br><br>　　　　Defendants. | Civil Action No.<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.  INTRODUCTION*

1.  This is an action for actual and statutory damages brought by Plaintiff, DEMETRIUS PLEASANT (hereinafter "Plaintiff"), an individual consumer, against Defendant, CONSUMER PORTFOLIO SERVICES, INC. (hereinafter "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.  JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.  PARTIES

3.  Plaintiff, Demetrius Pleasant, is a natural person with a permanent residence in New Iberia, Iberia Parish, Louisiana 70563.

4.  Upon information and belief, Defendant, Consumer Portfolio Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 19500 Jamboree Road, Irvine, Orange County, California 92618. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6.  The debt that Defendant is attempting to collect on is an alleged

obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that Defendant was allowed to call Plaintiff's references to discuss the alleged debt.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that Defendant would have Plaintiff arrested for driving a stolen car.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at his place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's sister, who is not a co-signer on the alleged debt several times, and the communication was not in a manner covered by *§1692b* of the FDCPA.

11. Within one (1) year preceding the date of this Complaint, Defendant,

in connection with the collection of the alleged debt, communicated with Plaintiff's brother-in-law, who is not a co-signer on the alleged debt several times, and the communication was not in a manner covered by *§1692b* of the FDCPA.

12. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

13. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.  CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

(b) Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

(c) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(d) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(e) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(f) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse

5

any person in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(i) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(j) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(k) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff; and

(l) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(m) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Demetrius Pleasant, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Consumer Portfolio Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Demetrius Pleasant, demands trial by jury in this action.

DATED: April 29, 2013

                              RESPECTFULLY SUBMITTED,

                              By:/s/ Nicholas M. Graphia
                              Nicholas M. Graphia (Bar No. 33159)
                              Law Office of Nicholas M. Graphia, LLC
                              767 Florence Street
                              Baton Rouge, LA 70806
                              Phone: (225) 366-8618
                              Fax: (888) 909-6892
                              ngraphia@nmglegal.com
                              *Attorney for Plaintiff,*
                              *Demetrius Pleasant*